IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EUGENE J. LOCKHART, JR., § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | 3:14-CV-0027-G-BK |
| § | | |
| § | | |
| U.S. FEDERAL BUREAU OF PRISONS, § | | |
| et al., § | | |
| Defendants. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff, a federal prisoner, filed a *pro se* civil rights action against federal and private Defendants. Although he paid the $400.00 filing fee, the Court did not issue process pending preliminary screening. For the reasons that follow, this case should be summarily dismissed in part.

**I. BACKGROUND**

On January 6, 2014, Plaintiff filed this action against the Federal Bureau of Prisons (BOP), Texas Health Presbyterian Kaufman, Texas Health Plano, East Texas Medical Center (ETMC) Ambulance, and 7 John Does described as "federal employees and or federal contractors." [Doc. 3 at 1-2]. He asserts breach of duty and negligence by the BOP, deliberate indifference to a serious medical condition by the BOP and its employees, and negligence by ETMC and Texas Health hospitals. [Doc. 3 at 1-2]. Plaintiff contends that his medical condition deteriorated in late December 2011, but that prison staff failed to examine him, ordering him to lie down and drink plenty of water. [Doc. 3 at 3]. Plaintiff further avers that ultimately, on December 30, 2011, he had to be rushed to the infirmary and then transported to two different

hospitals. [Doc. 3 at 4]. Subsequently, as he alleges, he was operated as a result of thrombosis that developed in his arm after the ambulance crew inserted an infected needle. [Doc. 3 at 5]. He seeks compensatory and punitive damages. [Doc. 3 at 5].

On March 28, 2014, along with answers to the Court's questionnaire, Plaintiff filed an amended complaint, (1) dropping any reference to the BOP; (2) naming for the first time Dr. Duckworth, individually and in her official capacity as the Medical Director of the Federal Detention Center at FCI Seagoville; (3) correcting the names of Texas Health Kaufman and EMTC, and (4) naming for the first time Dr. Stuart Spitzer, individually and in his official capacity as a physician for Texas Health Kaufman; and Dr. Humera Ahmed, individually and in her official capacity as a physician for Texas Health Plano. [Doc. 8 at 3-5]. He states that he discovered the individual defendants on his own through "tacit investigation from prison." [Doc. 8 at 1].

## II. ANALYSIS

Although Plaintiff paid the applicable filing fee, his amended complaint is subject to preliminary screening under 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579 (5th Cir. 1998) (section 1915A statutory screening provision applies to all prisoners' actions against governmental entities, their officers and employees, regardless of whether the prisoner is proceeding *in forma pauperis*). Section 1915A(b) provides for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon

which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

The Court liberally construes Plaintiff's claims against Dr. Duckworth in her individual capacity as being brought under *Bivens v. Six Unknown Named Agents of Fed Bureau of Narcotics,* 403 U.S. 388 (1971), for a violation of his constitutional right stemming from the denial of adequate medical treatment in December 2011. Although Plaintiff also sues Dr. Duckworth in her official capacity, a *Bivens* action against a federal officer in her official capacity is barred by the doctrine of sovereign immunity. *See Correctional Services Corp. v. Malesko,* 534 U.S. 61, 71-72 (2001) (observing that *Bivens* provides a cause of action only against government officers in their individual capacities); *Williamson v. United States Dep't of Agriculture,* 815 F.2d 368, 373 (5th Cir. 1987) (the doctrine of sovereign immunity "renders the United States, its departments, and its employees in their official capacities as agents of the United States immune from suit except as the United States has consented to be sued."). Therefore, all official capacity claims against Dr. Duckworth lack any basis in law and should be dismissed as frivolous.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's claims against Dr. Duckworth, in her official capacity as the Medical Director at FCI Seagoville, be summarily **DISMISSED** with prejudice as frivolous. See 28 U.S.C. § 1915A(b)(1).

SIGNED May 2, 2014.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

3

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE